Pau Lo 4, 5

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs
WowWee Group Limited,
WowWee Canada, Inc. and
WowWee USA, Inc.*



17 CV 9893

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* <br><br> v. <br><br> HAOQIN, 7LADYBEAUTY, AFULLSTORE, AKULAKU, ANGELINAA, ANYBEST, AOLIE. AT HALF PAST EIGHT SHOPS, BE KEEN ON FACE-SAVING, BEHAVE, BESTONLINESHOP. BIGFAER, BINGOTRADE, BON_ESTORE, CAR SUPPY168, CHAI-SHOP, CLEARCARE66, COOL GLASSES SHOP, CYAN59, DIMPLE ELECTRON, DING DING MORE, DREAM NYLON, EATSLEEPSHOPPING, ELOVE, FLASHINGFOOL.CO.,LTD, FLYWATCH, FOREVERSHOPPING, FOSHAN SHUNDE, GLORYINSPRING, GOLD CROWN66, GOLD MEDAL MAKER, GUANLIAN, HAPPY SHOPPING NOW, HAPPYCHILD99, HEALTHY AND HAPPY BEAUTY, HENGLIU, HI-LOVE YOUR LIFE, KAIMING CLOTHING, KRIMUS, LANSHOUXIANGGUDIANZISHANGWUYOUXI ANGONGSI, LIANGZIXIAN, LIBOHAI, LILIGOODGIRL1, LITTLE MOON, LIULIU111, | CIVIL ACTION No. <br><br><br> **1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) ASSET RESTRAINING ORDER; 4) ORDER AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br><br><br> **FILED UNDER SEAL** |

1

LIYA MALL, LUJILONG, MAMEIKANG, MAXPOWER, MEI XIAOWUZI, FUFU32, LXQ841118, DISCOUNTED WORLD, FUZHOU, HAOKUO MAOYI YOUXIAN GONGSHI, HOMEL, ARTHURQQ, BOOTTIME, COOL KOALA, CY-GOODSHOP, DANCERJIM, DANNIEOK, DARING FASHION, FASHION CHINA SHOES, FENGSUXIAODIAN, FINGERBUY, GOODBETTER, GUANGZHOUSHIWENDENGCOLTD, GUMUCHUNTIAN, HOT123, INFINITE, IZARA, JINGPINCHUANGSHANGYONGPIN, LADY, GOTO, LIKEREN, MEIBAOBAO, TZNNN1@163.COM, ASOPENY, HOLLYWOODSUPERSTORE, JUTAO TRADING, LINAJIADEXIAOCHU, BETTER LIFE FOR YOU, GIANTFEET, DEW'S JEWELRY, 7ELEVEN, 7SEASON, 9_71050, AIMAYIKU, ANLEOLIFE, BASMA, BATTERY SOLD INTERNATIONAL, BEEASYLIFE, CAREFORYOU, CARNATION, CHAOLONG, CITY BABY CLOTHING STORE, COMMONDAISY, DGXINYINGCOMPANY, DIMONDCENTER, DOG WANG, DREAMCOMETRUE INTERNATIONAL TRADE, EXPLORERS, FASHIONGOGOGO, FEELINGIRL100, FHHGHJJDDG, FLEETINGTIME, FUZHOURIHEJIUYEYOUXIANGONGSI, GVGGER, HELI FASHION, INTEGRITY BIG SELLER, JINGDU INTERNATIONAL TRADING, JOJO SHOP, LANSOON, LIBERTYANGEL, LITTLE_SUN, LIUJIYUN001, LIWANDASHA, LOVEBEAUTY66, LOVELIFE365, MASCOT, SKYLESS, JINJUN, LINGLISHOP, INTERNATIONAL TRADE COMPANY, LAILOVE2017@163.COM, LYCH, AZEWE, LETSMI, 5MILES, BIGOCEAN, CASUAL SHOP NO.1, CHASOBERTRADE, COSYHOME, DRESSLIFE, FASHION LADYS, GOLDEN SEA, HEFEI PINKE, HUAE, SHARED SHOP, and JEAPILY,

*Defendants*

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order to show cause why a preliminary injunction should not issue; 3) an asset restraining order; 4) an order authorizing alternative service by electronic mail and 5) an order authorizing expedited discovery against Defendants haoqin, 7ladybeauty, afullstore, Akulaku, Angelinaa, AnyBest, Aolie. At half past eight shops, be keen on face-saving, behave, BestOnlineShop. Bigfaer, Bingotrade, bon_estore, Car suppy168, Chai-shop, clearcare66, COOL GLASSES SHOP, Cyan59, Dimple electron, Ding Ding More, Dream nylon, EatSleepShopping, Elove, flashingfool.Co.,Ltd, flywatch, forevershopping, Foshan Shunde, gloryinspring, Gold crown66, GOLD MEDAL MAKER, GuanLian, happy shopping now, Happychild99, Healthy and happy beauty, hengliu, Hi-Love your Life, kaiming Clothing, Krimus, lanshouxianggudianzishangwuyouxiangongsi, liangzixian, libohai, liligoodgirl1, little moon, liuliu111, Liya Mall, lujilong, MAMEIKANG, MAXPOWER, Mei XiaoWuZi, fufu32, lxq841118, discounted world, Fuzhou, haokuo maoyi youxian gongshi, Homel, Arthurqq, BOOTTIME, cool koala, CY-Goodshop, DancerJim, DannieOk, DARING FASHION, Fashion China Shoes, fengsuxiaodian, FingerBuy, Goodbetter, guangzhoushiwendengcoltd, gumuchuntian, Hot123, Infinite, izara, jingpinchuangshangyongpin, lady, goto, likeren, meibaobao, tznnn1@163.com, Asopeny, HollywoodSuperStore, Jutao Trading, Linajiadexiaochu, better life for you, Giantfeet, Dew's Jewelry, 7Eleven, 7season, 9_71050, aimayiku, anleolife, Basma, Battery Sold International, beeasylife, careforyou, Carnation, chaolong, City baby clothing store, CommonDaisy, DGxinyingcompany, Dimondcenter, dog wang, dreamcometrue international trade, Explorers, FashionGOGOGO, Feelingirl100, fhhghjjddg, Fleetingtime, fuzhourihejiuyeyouxiangongsi, gvgger, Heli Fashion, Integrity Big Seller, JingDu international trading, JoJo Shop, LANSOON, Libertyangel, Little_Sun, liujiyun001, liwandasha, lovebeauty66,

lovelife365, mascot, skyless, JinJun, Linglishop, International Trade Company, lailove2017@163.com, lych, Azewe, Letsmi, 5miles, BigOcean, Casual Shop NO.1, ChasoberTrade, Cosyhome, dresslife, fashion ladys, Golden sea, HEFEI PINKE, huae, Shared Shop and jeapily (hereinafter collectively referred to as "Defendants" or individually as "Defendant") in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products (as defined *infra*) ("Application"). A complete list of Defendants is attached hereto as **Schedule A**. Having reviewed the Application, the Declarations of Jessica Arnaiz, Richard Yanofsky and Spencer Wolgang, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW[1]

1. Plaintiff WowWee Group Limited, Plaintiff WowWee Canada, Inc. and Plaintiff WowWee USA, Inc. ("WowWee" or "Plaintiffs") are leading designers, developers, marketers, and distributors of innovative robotic toys and consumer entertainment products ("Authentic Products"). One of WowWee's most popular and successful products are its interactive, hand-held robotic toys that react to sound, motion, and touch and are designed to look like various animals and/or other characters, for example, monkeys, unicorns, and sloths ("Fingerlings Product(s)");

2. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling infringing and/or counterfeit products bearing and/or using the Fingerlings Marks (as defined *infra*) and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

4

Fingerlings Marks and/or displaying and/or incorporating the Fingerlings Works (as defined *infra*) and/or works that are substantially similar to, identical to and constitute infringement of the Fingerlings Works ("Counterfeit Products" or "Infringing Products") through accounts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") on Wish.com, a global online marketplace and eCommerce platform, which is owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers, wholesalers and third-party merchants to advertise, distribute, offer for sale, sell and ship retail products originating from, primarily, China, amongst other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York ("Wish") (*see* **Schedule A** for links to Defendants' Merchant Storefronts (as defined *infra*) and listings for Counterfeit Products);

3.     WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.  For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.: VAu 1-289-245 covering the Fingerlings Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, VA 2-068-835 covering the Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, VA 2-070-721 covering the Fingerlings Sloth, VA 2-074-389, covering the Fingerlings Sloth Packaging and TX 8-431-649 covering the Fingerlings Monkey User Manual (collectively referred to as the "Fingerlings Works");

4.     WowWee owns the following U.S. Trademark Registration Nos.: 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, 4,505,483 for ☻ for a variety of goods in Class 9 and Class 28 and 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 (collectively referred to as the "Fingerlings Marks");

5

5. Defendants are not, nor have they ever been, authorized distributors or licensees of the Fingerlings Products. Neither Plaintiffs nor any of Plaintiffs' authorized agents have consented to Defendants' use of the Fingerlings Marks and/or Fingerlings Works, nor have Plaintiffs consented to Defendants' use of any identical or confusingly similar marks or artwork;

6. Plaintiffs are likely to prevail on their Lanham Act claims, copyright infringement claims and related state law claims at trial;

7. As a result of Defendants' infringements, Plaintiffs, as well as consumers, are likely to suffer an immediate and irreparable loss, damage and injury before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Fingerlings Marks and/or Fingerlings Works;

    b. Plaintiffs have well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in the consequent injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for its Fingerlings Products; and

    c. Plaintiffs well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Fingerlings Marks and/or Fingerlings Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiffs' claims with the result being that those suppliers and others may also secret, conceal,

sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Fingerlings Marks and/or Fingerlings Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Fingerlings Marks and/or Fingerlings Works and records relating thereto that are in their possession or under their control and/or iv) open new User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") including, without limitation, those owned and operated, directly or indirectly, by the Third Party Service Providers (as defined *infra*) and the Financial Institutions on Wish, as well as any and all platforms and/or entities identified as a result of any expedited discovery order entered in the Lawsuit, under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

8.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, the goodwill and reputation built up

in and associated with the Fingerlings Marks and Fingerlings Works and to Plaintiffs' reputation if a temporary restraining order is not issued;

9.      Public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests in and to their Fingerlings Marks and Fingerlings Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Fingerlings Products;

10.      Plaintiffs have not publicized their request for a temporary restraining order in any way;

11.      Service on Defendants via electronic means, including the delivery of copies of the Summons and Complaint, together with all documents filed in support of Plaintiffs' Application by e-mail and by publication of links to the same on a website accessible to Defendants, is reasonably calculated to result in proper notice to Defendants.

12.      If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Fingerlings Marks and/or the Fingerlings Works. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes noticed Financial Institutions and/or online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish.com, as well as any and all platforms and/or entities identified as a result of any expedited discovery order entered in the Lawsuit ("Third Party Service Provider(s)") a minimum of seven (7) days to locate, attach and freeze Defendants' Assets (as defined *infra*) and/or Defendants' Financial Accounts (as defined *infra*). As such, in its order, the Court should allow enough time for the Financial Institutions

and/or Third Party Service Providers to freeze Defendants' Assets and Financial Accounts before requiring service on Defendants.

13.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, good cause exists for granting Plaintiffs' request for expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

### I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them (regardless of whether located in the U.S. or abroad), who receive actual notice of this Order, including, without limitation, any: (1) banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), ContextLogic, Payoneer Inc., the payment services offered by the Alibaba Group d/b/a Alibaba.com and Aliexpress.com (*e.g.*, Alipay.com Co., Ltd., Ant Financial Services Group) ("AliPay") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants ("Financial Institutions") and (2) Wish, as well as those platforms and/or entities identified as a result of any expedited discovery order entered in the Lawsuit (hereinafter collectively referred to as the "Restrained Persons"), are hereby restrained and enjoined from engaging in any of the following acts or omissions

pending the hearing and determination of Plaintiffs' Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1)   from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Fingerlings Works;

2)   from communicating, directly or indirectly, with any person or persons: (i) from whom Defendants purchased or obtained any Counterfeit Products; (ii) to whom Defendants sold or offered to sell such Counterfeit Products or (iii) of whom Restrained Persons know, or reasonably believe, to possess, control or have access to any such Counterfeit Products;

3)   from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

4)   from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) (hereinafter collectively referred to as

"Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;

5)     from effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

6)     from, within five (5) days after receiving actual notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

7)     from knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6) above.

## II.     Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 20B of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on _January 16_, 2018 at _5:00_ p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue restraining and enjoining the Restrained Persons from engaging

11

in any of the following acts or omissions pending the final hearing and determination of this action:

1) from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Fingerlings Works;

2) from directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks or Fingerlings Works;

3) from using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by Plaintiffs;

4) from using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works, or any other marks or artwork that are confusingly or substantially similar to the Fingerlings Marks and Fingerlings Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

5) from using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiffs;

6) from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products and (ii) any computer files, data, business records, documents, or any other records or evidence relating to the Defendants' User Accounts, Defendants' Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

8) from providing services to Defendants, Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

9) from effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion,

distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in any preliminary injunction ordered by the Court in this Action;

10) from knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs II(A)(1) through II(A)(9) above.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before _January 10_, 201~7~. Plaintiffs shall file any Reply papers on or before _January 16_, 201~8~.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to FRCP 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to FRCP 64 and 65 and CPLR 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of notice of this Order, all Financial Institutions and Third Party Service Providers, ~including, but not~ and others who ~limited to, those who~ may receive actual notice of this Order, shall locate and attach Defendants Financial Accounts, and shall provide written confirmation of such attachment to Plaintiffs' counsel; and Plaintiffs' shall submit a report under seal to the Court as soon they have received a response from Wish, Ali Pay and Paypal

14

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of notice of this Order all Financial Institutions and Third Party Service Providers, including but not limited to, those who receive actual notice of this Order, shall identify any and all of Defendants' Financial Accounts, and provide Plaintiffs and/or Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

### IV. Order Authorizing Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to FRCP 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

　　1)　　delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order or (ii) a link to a secure website (such as Dropbox.com, NutStore.com, a large mail link created through RPost.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses, as identified in **Schedule A** or may otherwise be determined after having been identified by Wish pursuant to Paragraph III (B).

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within two (2) days of the Financial

Institutions' and Third Party Service Providers' compliance with **Paragraph III(A)** of this Order, but in any event, shall be made no later than ten (10) days from the date of this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons in the name of "haoqin and all other Defendants identified in the Complaint" that will apply to all Defendants.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following Financial Institutions and Third Party Service Providers if it is completed by the following means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com.

2) delivery of: (i) a PDF copy of this Order, (ii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com, and (iii) a true and correct copy of this Order via Federal Express to ContextLogic, via ContextLogic's Legal Department at One Sansome Street, 40th Floor, San Francisco, CA 94104.

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to Mr. Benjamin Bai, Vice President and Chief IP Counsel of Ant Financial Services Group at banjamin.bai@alipay.com and/or Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com.

### V.  Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)     Within fourteen (14) days after receiving notice of this Order, each Defendant, or other person served, shall serve upon Plaintiffs or Plaintiffs' counsel a written report under oath providing:

    a.  their true name and physical address;

    b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c.  the complete sales records for any and all sales of Counterfeit Products, including number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d.  the account details for any and all of Defendants' Financial Accounts, including the account numbers and current account balances; and

    e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)     Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs or Plaintiffs' counsel.

3) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs or Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who receive actual notice of this Order shall provide Plaintiffs' or Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

   b. current account balances;

   c. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including names, addresses and contact information;

   d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation,

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

   1)    Within fourteen (14) days of receiving actual notice of this Order, all Third Party Service Providers who receive actual notice of this Order shall provide to Plaintiffs or Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

    b.  the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them;

    c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not

limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to, and constitute an infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitutes infringement of the Fingerlings Works.

## VI. Security Bond

A. IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of 15,000 Dollars ( 15,000 ) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII. Sealing Order

A. IT IS FURTHER ORDERED that Plaintiffs' Complaint and exhibits attached thereto, and Plaintiffs' *ex parte* Application and the Declarations of Jessica Arnaiz, Richard Yanofsky and Spencer Wolgang in support thereof and exhibits attached thereto and this Order shall remain sealed until further ordered by the Court.

**SO ORDERED.**

SIGNED this 19th day of December, 2017, at 2:20 p.m.

UNITED STATES DISTRICT JUDGE

21